# Exhibit A

Supreme Court of The State of New York
County of Bronx

SERENA N. HAWKES and MICHELE CIMATO,

                              *Plaintiff,*

- against -

FLAXVILLE, LLC. and DAVID K. CHIRCHIR

                              *Defendants.*

Date Purchased

Index No.

Plaintiff(s) designate(s)
Bronx County
as the place of trial

# Summons

Plaintiff(s) reside(s) at
346 Powers Ave
Bronx, NY 10454

To the above-named Defendant(s)

    **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, May 14, 2022

THE FORZANO LAW FIRM
Attorney for the Plaintiffs
Office and Post Office Address
271 Avenue U
Brooklyn, NY 11223
(718) 372-1397

Defendant's Address:

FLAXVILLE LLC
5802 E. 71st Place South
Tulsa, OK 74136

DAVID K. CHIRCHIR
7817 S. Wheeling Avenue, Apt. 31K
Tulsa, OK 74136

Supreme Court of The State of New York
County of Bronx

---

SERENA N. HAWKES and MICHELE CIMATO,

                                        *Plaintiff,*

- against -

FLAXVILLE, LLC. and DAVID K. CHIRCHIR

                                        *Defendants.*

Index No.

VERIFIED COMPLAINT

---

        **Plaintiffs**, by their attorneys, **THE FORZANO LAW FIRM**, complaining of the Defendants herein, as and for his Verified Complaint, upon information and belief, alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

        **FIRST:**    That at all times hereinafter mentioned the Plaintiff, SERENA N. HAWKES was and is still a resident of the County of Kings, City and State of New York.

        **SECOND:**    That at all times hereinafter mentioned the Plaintiff, MICHELE CIMATO was and still is a resident of the County of Bronx, City and State of New York.

        **THIRD:**    That at all times hereinafter mentioned, the Defendant, FLAXVILLE, LLC. was and still is an active foreign limited liability company, authorized to do business in the State of New York.

        **FOURTH:**    That at all times hereinafter mentioned, the Defendant, FLAXVILLE, LLC. was and still is a business entity that conducted business in the City and State of New York.

        **FIFTH:**    Upon information and belief, that at all times hereinafter mentioned, the

Defendant, DAVID K. CHIRCHIR, was and is still a resident of the County and City of Tulsa, State of Oklahoma.

**SIXTH:** That at all times hereinafter mentioned the Plaintiff, SERENA N. HAWKES was the owner and operator of a motor vehicle licensed by the State of New York under the license plate number and year indicated: 2019 Hyundai, License Plate # JMG-6203.

**SEVENTH:** That at all times hereinafter mentioned, the Plaintiff, MICHELE CIMATO was a passenger in the aforementioned 2019 Hyundai.

**EIGHTH:** That at all times hereinafter mentioned the Defendant, FLAXVILLE, LLC. was the owner of the following automobile licensed by the State of Oklahoma under the license plate number and year indicated: 2012 Freightliner, License Plate #: V90890.

**NINTH:** That at all times hereinafter mentioned the Defendant, was the operator of the aforementioned 2012 Freightliner, License Plate #: V90890.

**TENTH:** That at all times hereinafter mentioned, the Defendant, DAVID K. CHIRCHIR was an employee of the Defendant, FLAXVILLE, LLC.

**ELEVENTH:** That at all times hereinafter mentioned, the Defendant, DAVID K. CHIRCHIR, was driving said 2012 Freightliner, License Plate #: V90890 vehicle with the knowledge, permission, and consent of its owner.

**TWELFTH:** That the Defendant, DAVID K. CHIRCHIR, was driving said 2012 Freightliner, License Plate #: V90890 vehicle with the purpose of carrying out business of said owner Defendant FLAXVILLE, LLC.

**THIRTEENTH:** That the Defendant, DAVID K. CHIRCHIR operated the aforementioned 2012 Freightliner motor vehicle within the scope of his employment with the

-2-

Defendant, FLAXVILLE, LLC.

**FOURTEENTH:** That at all times hereinafter mentioned the streets and roadways at the following location are much traveled public roadways in constant use by the citizens of the County of Kings, City and State of New York: Belt Parkway, West Bound near the 17th Avenue Pedestrian Bridge.

**FIFTEENTH:** That on or about May 20, 2020, the 2019 Hyundai Vehicle which the Plaintiff, SERENA N. HAWKES, was operating and Plaintiff MICHELE CIMATOR was a a passenger in was traveling on the Belt Parkway, westbound, at or near the 17th Avenue Pedestrian Bridge, Brooklyn, New York.

**SIXTEENTH:** That on or about May 20, 2020, the Defendant, DAVID K. CHIRCHIR was operating the aforesaid 2012 Freightliner Box Truck on the Belt Parkway, westbound, at or near the 17th Avenue Pedestrian Bridge, Brooklyn, New York.

**SEVENTEENTH:** That Freightliner Box Trucks, such as the one owned and operated by the Defendants are not permitted to be operated on the Belt Parkway westbound, at or near the 17th Avenue Pedestrian Bridge, Brooklyn, New York.

**EIGHTEENTH:** That at the aforesaid time and place, the 2012 Freightliner Box Truck owned and operated by the Defendants collided with the 17th Avenue Bridge Structure located thereat.

**NINETEENTH:** That as a result of the collision, pieces of the bridge structure as well as debris and pieces of the 2012 Freightliner broke off and struck the Plaintiff's vehicle.

**TWENTIETH:** That there was contact between the above-described vehicles at or around the aforesaid time and place.

-3-

**TWENTY-FIRST:** That as a result of the Plaintiff's vehicle being struck by the aforementioned items and debris striking the Plaintiff's vehicle, the Plaintiffs, SERENA N. HAWKES and MICHELE CIMATO were caused to be thrown about the vehicle, thereby causing the injuries hereinafter alleged.

**TWENTY-SECOND:** That as a result of the aforesaid collision, the Plaintiffs, SERENA N. HAWKES and MICHELE CIMATO were caused to be thrown about the vehicle, thereby causing the injuries hereinafter alleged.

**TWENTY-THIRD:** That the aforesaid collision and incident, and the injuries and damages resulting thereof were caused solely by the negligence of the Defendants, with the Plaintiff having in no way contributed thereto.

**TWENTY-FOURTH:** That the Defendant FLAXVILLE, LLC. INC. negligence aforesaid, consisted of, among other things, that they were negligent, careless and reckless in that they: Owned said vehicle in a negligent manner; operated, managed, maintained and controlled said vehicle in an unsafe and negligent manner; failed to properly or safely supervise and control the operation of his said vehicle; allowed said vehicle to be so operated when he knew or should have known that DAVID K. CHIRCHIR was unfit and unable to and would not operate his vehicle in a safe, cautious and prudent manner; failed to properly train the Defendant, DAVID K. CHIRCHIR how to operate a Freightliner Vehicle; failed to take the necessary precautions to render the subject motor vehicle safe and secure when in use, and was otherwise negligent.

**TWENTY-FIFTH:** That the Defendant, DAVID K. CHIRCHIR, was negligent, among other things in that he operated, managed, maintained and controlled the automobile at an excessive unlawful, and dangerous rate of speed under the circumstances therein then existing;

-4-

failed to keep the automobile under the proper control; operated the automobile in a careless, reckless and dangerous manner; failed to take the proper precautions to avoid and guard against the happening of the accident; failed to keep the automobile under the proper or reasonable control in order for defendant to stop their car to avoid the accident so as not to endanger the life, limb, property or safety of persons lawfully on the highway; was negligent, careless, and reckless in that he failed to properly or safely supervise and control the operation of the said vehicle; failed to take the necessary precautions to render the subject motor vehicle safe and secure when in use; failed to observe the conditions of the highway and thoroughfare; failed to use the proper signals or signaling devices; failed to maintain a proper lookout, and failed to be alert; failed to have the proper brakes or maintain them in a proper condition; failed to use the appropriate warning devices; failed to sound the horn; failed to stop in time to prevent an accident; failed to yield the right of way; failed to keep in the correct lane of traffic; failed to have the vehicle he drove under proper and adequate control; followed too closely; failed to keep to the right; negligently attempted to enter a street or roadway; entered a street or roadway at an unsafe speed; failed to stay in the correct lane of traffic; entered a highway when the vehicle he was driving was not permitted to; entered the parkway against a "Passenger Vehicle Only" sign; drove a commercial truck on a "Passenger Only highway; disobeyed a traffic control device; drove a freightliner box truck vehicle on a highway despite multiple signs stating this was not permitted; struck a Bridge Structure; struck a stationary bridge structure in a nonmoving lane of traffic; struck a vehicle that was lawfully travelling on the parkway; struck a vehicle in the rear that was lawfully proceeding on the thoroughfare; failed to sound a horn or give other users of the highway any other warning of the approach of the subject vehicle; failed to see what was there to be seen; entered the roadway at such a high rate of speed that they were unable to stop in

-5-

time from hitting a bridge structure; was driving at such a high and unsafe speed that when the vehicle struck said bridge, pieces of the bridge were caused to be dislodged, fall down and struck the Plaintiff's vehicle; was driving at such a high and unsafe speed that when the vehicle struck said bridge, pieces of the vehicle were caused to be break, fall down and struck the Plaintiff's vehicle failed to travel with the flow of traffic; failed to properly judge the distance from other vehicles on the road; failed to observe or take cognizance of traffic proceeding along the subject roadways; failed to keep the proper distance from other vehicles on the road; attempted to make a turn around a stopped vehicle; failed to adjust the speed and direction of the vehicle in time to give other users of the highway a clear chance to proceed along the subject roadway without hazard; drove at an unsafe speed given the circumstances; attempted an unsafe lane change; blocked traffic; struck a vehicle that was lawfully stopped on a roadway; changed lanes without signaling; changed lanes without looking to see if any vehicles were in said lane; entered the lane when another vehicle was already stopped in said lane; failed to use the appropriate warning devices; attempted to pass a stopped vehicle on the right; attempted an unsafe lane change; failed to stop in time to prevent an accident; failed to yield the right of way; drove at an unsafe speed given the circumstances on the roadway; failed to see what was there to be seen; followed too closely to the vehicle in front of her, thus making her unable to stop in time to avoid striking a pole; failed to keep in the correct lane of traffic; failed to have the vehicle he drove under proper and adequate control; attempted to pass unsafely and improperly; attempted to change direction resulting in an unsafe lane change; disobeyed lane change markings; failed to take reasonable, prudent and necessary precautions to avoid injuring the Plaintiffs SERENA N. HAWKES and MICHELE CIMATO; failed to obey the speed limit given the circumstance; failed to be reasonably and prudently alert at the aforementioned time and place; failed to obey traffic markings

and signs as to direction of traffic; failed to adequately control his vehicle; failed to obey the Motor Vehicle Law of the State of New York; failed to use due care and diligence; and was otherwise careless and negligent.

**TWENTY-SIXTH:** That Defendant, DAVID K. CHIRCHIR, failed to observe and violated the sections of the Vehicle and Traffic Laws of the State of New York set forth hereafter, which acts and omissions contributed to the cause of the accident, in that she: failed to obey the official traffic-control devices applicable to said Defendant, in Violation of Section 1110; further, failed to obey New York State Vehicle and Traffic Law sections 375, 375, 376, 378, 382, 388, 605, 1101, 1102, 1105, 1110, 1111, 1111-A, 1120, 1122, 1123, 1124, 1125, 1126, 1127, 1128, 1129, 1130, 1140, 1141, 1142, 1143, 1145, 1146, 1151, 1160, 1161, 1162, 1163, 1164, 1166, 1170, 1171, 1173, 1174, 1175, 1176, 1180, 1181, 1182, 1190, 1192, 1200, 1201, 1203, 1210, 1211, 1212, 1213, 1214, 1215, 1216, 1217, 1218, 1219, 1220, 1221, 1222, 1225, 1226, 1227, 1228, 1229, 1250, 1251; and sections 4-02(c), 4-03, 4-04, 4-04(b), 4-05, 4-06, 4-07, 4-08, 4-09, 4-09(a), 4-12, 4-14(a) and 4-15 of the Traffic and Regulations of the City of New York, along with all other applicable statutes.

**TWENTY-SEVENTH:** The negligence of the operator of the vehicle owned by FLAXVILLE, LLC. as hereinabove alleged, is attributable to the Defendant, FLAXVILLE, LLC. who under the provisions of Section 388 of the Vehicle & Traffic Laws of the State of New York, is liable and responsible for death or injuries to person or property resulting from said negligence in the use or operation of such vehicle in the business of such owner.

**TWENTY-EIGHTH:** That by reason of the foregoing, Plaintiff, SERENA N. HAWKES, sustained the following damages: Severe, painful, and permanent bodily injuries;

-7-

severe and permanent physical pain and suffering; suffered severe and permanent injuries to her Right Knee, Neck and Back. <u>Right Knee</u>: Suffered severe injury to the right knee; suffered Horizontal tear extending to the superior articular surface along the free edge of the body of the lateral meniscus. Low-grade chondromalacia in the medial femoral tibial compartment. Medial meniscal tear, synovitis of the medial compartment; suffered tears of the MCL; ACL; PCL and meniscus; ON 9-29-2020 was forced to undergo surgery on the Right Knee consisting of PARTIAL MEDIAL MENISCECTOMY OF THE BODY AND THE POSTERIOR HORN AND SYNOVECTOMY OF THE MEDIAL COMPARTMENNT, PRP INJECTION UNDER GENERAL ANESTHESIA; ON 2-25-21 was forced to undergo full Right Knee Replacement surgery consisting of TOTAL RIGHT KNEE ARTHROPLASTY, PRP INJECTION UNDER GENERAL, ADDUCTOR BLOCK STATUS ANESTHESIA; was caused to have the bone in her knee cut off and shaved off; was forced to have a Stryker Triathlon System permanently placed in her body; was caused to have a prosthetic knee; was caused to have metal ; hardware; screws and other foreign bodies permanently placed inside her; was caused to have her patella and other parts of her knee fractured during surgery, which was a direct result of the impact of this accident; will be caused to walk with a limp for life; was caused to undergo 2 Dangerous Knee Surgeries; was caused to have her knee replaced with a foreign body; will in the future be caused to have her left knee replaced due to imbalance and putting pressure on same; is totally disabled as to the right knee; is permanently partially disabled as to the right knee; suffered total loss of motion to the right knee. <u>Lumbar Spine and Cervical Spine:</u> Suffered severe injury to the lumbar spine; suffered herniated discs with impingement on the lumbar spine; suffered Severe posterior central focal herniation causing impingement upon the anterior thecal sac, left foraminal focal herniation

-8-

causing left foraminal impingement and contact with the exiting left-sided L4 spinal nerve, impingement upon the anterior thecal sac and approximation with the bilateral S1 nerve root at levels L3-L4, L4-L5 & L5-S1. Lumbar radiculopathy under the lumbar spine; ON 11-11-2020 UNDERWENT LUMBAR EPIDURAL STEROID INJECTION; ON 1-13-21 UNDERWENT SECOND LUMBAR EPIDURAL STEROID INJECTION; was caused to suffer radiculopathy at the above referenced levels; suffered Left paracentral focal herniation causing impingement upon the anterior left lateral thecal sac and left neural foramen at level C3-C4. 2mm grade 1 spondylolisthesis with disc bulge causing impingement upon the anterior thecal sac and bilateral neural foramina, anterior cord deformity with normal cord signal at level C4—C5. Spondylosis and facet arthropathy causing bilateral foraminal impingement at C5-C6. Straightening cervical lordosis and muscle spasm. Cervical radiculopathy under the cervical spine; suffered loss of range of motion in the cervical spine; suffered loss of range of motion in the lumbar spine; suffered cervical and lumber neuropathic pain syndrome; suffered inability to sleep; has been permanently partially disabled; has been totally disabled as to the Cervical and Lumbar Spine was caused to undergo dangerous injections; in the future be caused to undergo dangerous surgery; was caused to endure painful physical therapy; was caused to be placed under dangerous anesthesia multiple times; was forced to undergo multiple hospitalizations; suffered straightening of the normal lumbar curvature; suffered dizziness and nausea; was caused to have scaring on his body; was caused to have scaring on her right knee; suffered numbness in the upper and lower extremities; was caused to expend great sums for medical, hospital and other related expenses; is unable to wear high heels; will be required in the future to expend great sums for medical, hospital and other related expenses; has suffered great pain and distress; was and still is rendered sick, sore, lame and

disabled and was otherwise injured.

**TWENTY-NINTH:** That as result of this accident, Plaintiff, SERENA N. HAWKES sustained personal injuries resulting in "serious injury" as defined in Insurance Law Section 5102 (d), including: A total loss of use of a boy organ; A permanent loss of use of a body organ, member, function or system; suffered a fracture, to wit, a fracture of the right knee; suffered a permanent consequential limitation of use of a body organ or member; A significant limitation of use of a body function or system; a medically determined injury or impairment or a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment; as well as other "serious injuries" as defined in said statute.

**THIRTIETH:** That as a result of the foregoing, the Plaintiff, SERENA N HAWKES, has suffered an economic loss, greater than basic economic loss, as defined in §5102 (a) of the Insurance Law of the State of New York.

**THIRTY-FIRST:** That this action falls within one or more exceptions set forth in Section 1602 of the CPLR.

**THIRTY-SECOND:** That solely by reason of the foregoing, the Plaintiff, SERENA N HAWKES has been damaged in an amount in excess of the jurisdictional amount of all lower Courts.

## AS AND FOR A SECOND CAUSE OF ACTION

**THIRTY-THIRD:** The Plaintiffs repeat, reiterate and reallege each and every allegation contained in the paragraphs of the Complaint numbered FIRST through THIRTY-THIRD as if fully set forth herein at length.

**THIRTY-FOURTH:** That by reason of the foregoing, Plaintiff, MICHELE CIMATO, sustained the following damages: Severe, painful, and permanent bodily injuries; severe and permanent physical pain and suffering; suffered severe and permanent injuries to her Right Knee, Neck and Back; suffered a fracture of the Right Knee; Suffered a Fracture of the Patella; suffered a Partial-thickness chondral tear along the central weight bearing medial femoral condyle; suffered tears of ligaments and tendons of the Right Knee; will be caused to undergo surgery to the Right knee; suffered herniated discs with impingement on the cord in the Lumbar and Cervical Spine; suffered Disc herniation deforming the thecal sac abutting the proximal S1 nerve roots bilaterally with bilateral neural foraminal extension abutting the exiting L5 nerve roots with left neural foraminal narrowing in conjunction with facet hypertrophic changes at level L5/S1. Disc bulging at L4/5. ON 3-9-21 UNDERWENT LUMBAR EPIDURAL STEROID INJECTION; ON 4-20-21 UNDERWENT SECOND LUMBAR EPIDURAL STEORID INJECTION; suffered C2/3, C3/4, C4/5, C5/6 and C6/7 Disc herniations deforming the thecal sac with C2/3-C5/6 cord abutment, bilateral neural foraminal extension abutting the exiting nerve roots bilaterally, C5/6 neural foraminal narrowing and C6/7 left neural foraminal narrowing in conjunction with facet and uncinate hypertrophic changes. C7/T1 disc bulging. 7mm cervical spinal cord at C7 vertebral body level measuring 1.5mm in AP dimension. Cervical spine straightening with superimposed kyphosis. Cervical radiculopathy under the cervical spine;

-11-

Cervical radiculopathy under the cervical spine; suffered loss of range of motion in the cervical spine; suffered loss of range of motion in the lumbar spine; suffered cervical and lumber neuropathic pain syndrome; suffered inability to sleep; has been permanently partially disabled; has been totally disabled as to the Cervical and Lumbar Spine was caused to undergo dangerous injections; in the future be caused to undergo dangerous surgery; was caused to endure painful physical therapy; was caused to be placed under dangerous anesthesia multiple times; was forced to undergo multiple hospitalizations; suffered straightening of the normal lumbar curvature; suffered dizziness and nausea; was caused to have scaring on his body; was caused to have scaring on her right knee; suffered numbness in the upper and lower extremities; was caused to expend great sums for medical, hospital and other related expenses; is unable to wear high heels; will be required in the future to expend great sums for medical, hospital and other related expenses; has suffered great pain and distress; was and still is rendered sick, sore, lame and disabled and was otherwise injured.

**THIRTY-FIFTH:** That as result of this accident, Plaintiff, MICHELE CIMATO sustained personal injuries resulting in "serious injury" as defined in Insurance Law Section 5102 (d), including: A total loss of use of a boy organ; A permanent loss of use of a body organ, member, function or system; suffered a fracture, to wit, a fracture of the right knee; suffered a permanent consequential limitation of use of a body organ or member; A significant limitation of use of a body function or system; a medically determined injury or impairment or a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the

-12-

injury or impairment; as well as other "serious injuries" as defined in said statute.

**THIRTY-SIXTH:** That as a result of the foregoing, the Plaintiff, MICHELE CIMATO, has suffered an economic loss, greater than basic economic loss, as defined in §5102 (a) of the Insurance Law of the State of New York.

**THIRTY-SEVENTH:** That this action falls within one or more exceptions set forth in Section 1602 of the CPLR.

**THIRTY-EIGHTH:** That solely by reason of the foregoing, the Plaintiff, MICHELE CIMATO has been damaged in an amount in excess of the jurisdictional amount of all lower Courts.

**WHEREFORE,** Judgment is demanded by Plaintiff against the Defendant in such general relief as he may be entitled to receive either at law or in equity, which amount is in excess of the jurisdictional amounts of all lower Courts that would otherwise have jurisdiction, together with the costs and disbursements of this action, in addition to such other and further relief as to the court may seem just and proper.

Dated: Brooklyn, N.Y.
May 16, 2022

Yours, etc.

ANTHONY J. FORZANO, ESQ.
THE FORZANO LAW FIRM
Attorney for Plaintiff
Office & P.O. Address
271 Avenue U
Brooklyn, New York 11223
(718) 372 - 1397

-13-

## INDIVIDUAL VERIFICATION

STATE IF NEW YORK    )
COUNTY OF KINGS      ) ss:

I, the undersigned, being duly sworn, depose and say:

I am ____ the  __X__ one of the ____ Plaintiff(s) ____ Defendant(s) in the within action.

I have read the foregoing __X__ COMPLAINT ____ AMENDED COMPLAINT ____ BILL OF PARTICULARS ____ SUPPLEMENTAL BILL OF PARTICULARS and know the contents thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The grounds to my belief as to all matters not stated upon my own knowledge are from information obtained due to my involvement with this case.

**Sworn to before me this**

_____ (date)

_____

ANTHONY J FORZANO
NOTARY PUBLIC STATE OF NEW YORK
RICHMOND COUNTY
LIC. #02FO6248184
COMM. EXP. _____

## ATTORNEY VERIFICATION

STATE OF NEW YORK,
COUNTY OF KINGS ss.:

ANTHONY J. FORZANO, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York, affirms the following to be true under the penalty of perjury:

1. I am the attorney for the Plaintiff MICHELE CIMATO

2. I have read the Verified Complaint and know the contents thereof to be true to my knowledge except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe to be true. My belief as to those matters therein not stated upon knowledge is based on the files maintained in my office.

3. The reason this Verification is made by your affirmant, not the Plaintiff is that the Plaintiff is not in the County in which I maintain my office.

4. Deponent further says that the source of his information and grounds of belief as to all matters not stated upon deponent's knowledge are from investigations made on behalf of said plaintiff.

Dated:   Brooklyn, New York
         May 16, 2022

                                              ANTHONY J. FORZANO, ESQ.

SUPREME COURT STATE OF NEW YORK
COUNTY OF BRONX

---

SERENA N. HAWKES and MICHELE CIMATO,

**Index No**

Plaintiff,

-against-

FLAXVILLE, LLC and DAVID K. CHIRCHIR

Defendants.

---

**SUMMONS & VERIFIED COMPLAINT**

---

THE FORZANO LAW FIRM

*Attorney for Plaintiff:*    SERENA HAWKES and MICHELE CIMATO

*Office and Post Office Address:*
271 Avenue U
Brooklyn, NY 11223
T: (718) 372-1397
F: (718) 504-4892

---

To:    Service of a copy of the within is hereby admitted,

Dated:

Attorney(s) for

Signature (Rule 130-1.1-a)

PRINT NAME BENEATH

**ANTHONY J. FORZANO**

---

PLEASE TAKE NOTICE:
○    <u>NOTICE OF ENTRY</u>

that the within is a (certified) true copy of a
Duly entered in the office of the clerk within named Court on

○    <u>NOTICE OF SETTLEMENT</u>
that an order of which within is a true copy will be presented for settlement to the HON.
one of the Judges of the within name Court, at

on     **2021**     at     M.

Dated,                 Yours, Etc.

THE FORZANO LAW FIRM

*Attorney for Plaintiff:*    SERENA HAWKES and MICHELE CIMATO

*Office and Post Office Address:*
271 Avenue U
Brooklyn, NY 11223